Manon Berroa v. Garland

BIA
Tsankov, IJ
A023 469 659

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

BIENVENIDO ANTONIO MANON BERROA, AKA MANION ANTONIO, AKA JULIO BERRIOS, AKA JOSE BERROA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-706
NAC

_____

**FOR PETITIONER:**    Sophia E. Gurulé, Jessica Swensen, The Bronx Defenders, Bronx, NY; Nancy Morawetz, Washington Square Legal Services, New York, NY.

**FOR RESPONDENT:**    Jeffrey Bossert Clark, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Genevieve M. Kelly, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Bienvenido Antonio Manon Berroa, a native and citizen of the Dominican Republic, seeks review of a January 27, 2020 decision of the BIA, affirming a January 15, 2019 decision of an Immigration Judge ("IJ"), which denied his application for relief under the Convention Against Torture ("CAT"). *In re Bienvenido Antonio Manon Berroa*, No. A 023 469 659 (B.I.A. Jan. 27, 2020), *aff'g* No. A 023 469 659 (Immigr. Ct. N.Y. City Jan. 15, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for

2

substantial evidence and questions of law *de novo*. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). The agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Agency's Jurisdiction

We deny the petition with respect to Manon Berroa's challenge to the agency's jurisdiction based on the omission of the hearing information from his Notice to Appear ("NTA") because his argument is foreclosed by this court's decision in *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019). In *Pereira v. Sessions*, the Supreme Court held that an NTA must include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. 2105, 2113–20 (2018), which cuts off an alien's accrual of presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(d)(1). Manon Berroa, who did not apply for cancellation, argues that an NTA that lacks a hearing date and time is insufficient to vest the immigration court with jurisdiction over removal proceedings. His claim fails because *Pereira* addresses a "narrow question" regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez*, 922 F.3d at 110. Manon

3

Berroa's reliance on *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), fails for the same reason. *Niz-Chavez* clarified that, for purposes of the stop-time rule, a hearing notice cannot cure a defective NTA. 141 S. Ct. at 1480–86. But we subsequently held that both *Pereira*—as discussed in *Banegas-Gomez*—and *Niz-Chavez* address a "narrow question" regarding the stop-time rule and do not "void jurisdiction in cases in which an NTA omits a hearing time or place." *Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021) (quoting *Banegas Gomez*, 922 F.3d at 110). Although Manon Berroa's NTA did not specify the date of his initial hearing, he received hearing notices specifying that information and he attended his hearings.

II.    Due Process

We deny the petition with respect to Manon Berroa's argument that he was deprived of due process because the IJ did not make an affirmative inquiry into his competency or implement additional safeguards concerning the use of video teleconferencing ("VTC"). To succeed on a due process challenge to immigration proceedings, a noncitizen must demonstrate that he was deprived of an opportunity to be heard "in a meaningful manner," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and that the "alleged shortcomings . . . prejudiced the outcome of his case," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

4

The use of VTC in immigration proceedings is permissible if it "accord[s] with the constitutional requirements of the Due Process Clause." *Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008).

Here, the BIA reasonably determined that Manon Berroa had waived the issue of VTC accommodations at his merits hearing because his counsel consented to the use of VTC without raising the need for additional safeguards. And, although he had objected to the use of VTC in his motions to appear in person, he declined to press those motions when the IJ gave him the opportunity to argue them. *Cf. Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (holding, with respect to concession of removability, that, "[i]n the absence of egregious circumstances, [the applicant] remains bound by his attorney's concession" (internal quotation marks omitted)).

Similarly, the BIA did not err in concluding that Manon Berroa waived any argument that the IJ should have conducted an affirmative inquiry into whether the use of VTC "would affect his ability to participate fully and without any safeguards" given his mental health conditions. Pet'r's Br. at 48. Manon Berroa did not ask the IJ to conduct such an inquiry. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have

5

been, but was not, raised before an IJ."). A psychologist, Dr. Joseph Giordino, submitted a psychological evaluation and testified about Manon Berroa's mental health conditions, but Manon Berroa's attorney did not otherwise assert that he was incompetent to proceed through VTC. Although Manon Berroa argues that the use of VTC prejudiced him because it caused the IJ's partial adverse credibility determination, the BIA did not rely on a lack of credibility when affirming the denial of CAT relief. Accordingly, Manon Berroa has not established the prejudice required to succeed on a due process claim. *See Garcia-Villeda*, 531 F.3d at 149.

III.    CAT Relief

We grant the petition and remand to the agency as to the denial of CAT relief because the IJ failed to explicitly consider Manon Berroa's claims that he would be tortured by members of the public or police outside the context of incarceration or that he would be tortured because of his status as a criminal deportee from the United States. An applicant for CAT relief must establish that he will "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). A CAT claim is "too speculative" if "it involves a chain of assumptions"; an applicant is required to show that each link

6

in the chain is more likely than not to occur. *Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008) (internal quotation marks omitted). However, CAT claims "must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible claims." *Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) (alteration adopted) (internal quotation marks and citation omitted).

The IJ did not explicitly or thoroughly consider all the alleged risks of torture. In his filings and at the hearing, Manon Berroa asserted that he feared that he would be tortured for the following reasons. First, he would lack access to mental health care in the Dominican Republic, which would result in erratic behavior in public, and which would in turn result in torture by the public and the police. Second, his erratic behavior and substance abuse stemming from his mental health conditions would lead to incarceration in the Dominican Republic, and he would be tortured by guards and inmates in prison because of his status as a criminal deportee from the United States. Third, he would be killed by people who believed he was responsible for the murder of one of their family members.

The IJ made a clear determination that Manon Berroa failed to establish a likelihood of torture by individuals related to a murder victim. And the IJ addressed Manon Berroa's claim that he would be incarcerated as a result of his

7

lack of mental health treatment and then tortured in prison because of his mental health conditions. But the IJ did not consider what abuse Manon Berroa would suffer from members of the public or by police outside of incarceration and the record reflected that he suffered beatings and an attempted rape in the past and that he had witnessed the police beating people who lived on the streets. While the IJ determined that there was no likelihood that Manon Berroa would be incarcerated due to mental health issues, the IJ did not address how Manon Berroa's status as a criminal deportee from the United States would relate to his treatment given evidence that criminal deportees are monitored and sometimes arrested without justification, and that police use excessive force and torture individuals in custody with impunity.

Manon Berroa raised this issue—that the IJ failed to consider all the risks of torture—before the BIA, but, while the BIA acknowledged that he asserted these fears, it did not address the IJ's failure to consider them. Rather, the BIA erroneously found that the IJ had "acknowledged [his] claimed fear of torture by members of the public, police, or mental health professionals due to his mental health condition." Certified Administrative Record ("CAR") at 5. As a threshold matter, Manon Berroa did not assert a fear of torture by mental health

8

professionals. Moreover, as noted above, the IJ did not make findings regarding Manon Berroa's risk of torture by police outside the context of incarceration or by members of the public.

The BIA also concluded that the "evidence does not adequately establish that . . . authorities detain or created detention procedures or conditions for criminal deportees or those with mental illnesses with the specific intent of inflicting severe physical or mental pain or suffering," *id.*, but the IJ did not make findings regarding the intent of the authorities, and so the BIA was not permitted to find those facts in the first instance. *See Padmore v. Holder*, 609 F.3d 62, 68–70 (2d Cir. 2010); *see also Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis . . . if judicial review is to be meaningful.").

Manon Berroa's remaining challenges to the agency's decisions are without merit. He argues that the IJ's partial adverse credibility determination is incorrect and challenges the IJ's reliance on an unsigned affidavit when making that credibility finding. But the credibility findings are not part of the decision under review because the BIA did not rely on those findings as a basis for denying relief. *See Xue Hong Yang*, 426 F.3d at 522. Manon Berroa also argues that the agency

9

incorporated elements of an asylum claim, essentially requiring him to establish a subjective fear of torture and demonstrate a nexus to a protected ground. But the record does not support this argument: the agency considered the connection between his mental health and his fear of torture because mental health was a reason he proffered for the risk of torture, and the BIA denied relief not because Manon Berroa did not have a subjective fear, but rather because it found that his fear was too speculative. *See Savchuck*, 518 F.3d at 124. Finally, Manon Berroa argues that the IJ failed to determine whether the Dominican government would acquiesce to his torture. While he is correct that the IJ did not address acquiescence, acquiescence is only one element of a CAT claim, and the agency did not deny relief on that basis. *Id*.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is remanded for further consideration or explanation of the CAT claim. Petitioner's pending motions for a stay of removal and oral argument are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
